**In re Aaron A. JACKSON, Debtor.**

No. 05–58183–JDW.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

March 6, 2006.

Sharon R. Jones, Milledgeville, GA, for Debtor.

Molly L. McCollum, Macon, GA, for Creditor.

## MEMORANDUM OPINION

JAMES D. WALKER, JR., Bankruptcy Judge.

This matter comes before the Court on Nissan Motor Acceptance Corp.'s objection to confirmation. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(L). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtor, Aaron Jackson, filed a Chapter 13 case on December 16, 2005. During the 910 days preceding his filing, he purchased a 2005 Pontiac Gran Prix, which was financed by Nissan Motor Acceptance Corp. Debtor was the sole purchaser of the vehicle under the sales contract. The contract provides that Debtor purchased the car for "personal, family or household" use. (Nis-

san exhibit 1.) Debtor asserts and Nissan does not dispute that the car was purchased for the use of his wife, who is not a debtor in this case. Debtor drives a different vehicle. Although Debtor may occasionally use the Gran Prix, his wife is the primary driver of that car. Debtor's wife is not a party to the sales contract, nor is her name on the title of the car. Nevertheless, the Gran Prix was purchased to replace her previous vehicle, which also was titled solely in Debtor.

In his Chapter 13 plan, Debtor proposed to bifurcate and cram down Nissan's claim. Nissan objected to confirmation, contending that its claim is covered by a new provision in § 1325(a) of the Bankruptcy Code that prevents cram down. The Court held a hearing on the matter on February 27, 2006, and for the following reasons, overrules the objection.

### Conclusions of Law

■ At issue in this case is the definition of "personal use" in the unnumbered hanging paragraph to 11 U.S.C. § 1325(a), which was added as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and provides as follows:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910–day [period] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) *acquired for the personal use of the debtor,* or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1–year period preceding that filing.

11 U.S.C. § 1325(a), hanging paragraph (emphasis added). Nissan contends that its claim falls within the scope of the hanging paragraph such that it is entitled to special treatment under Debtor's Chapter 13 plan. It argues that because Debtor acknowledged in the sales contract that the car was purchased for "personal, family or household" use, its claim satisfies the requirement that the collateral was "acquired for the personal use of the debtor." Debtor argues that because Congress has used the phrase "personal, family, or household use" elsewhere in the Bankruptcy Code, it must mean something different when it limits the term to "personal use." The Court agrees with Debtor.

■ In interpreting the hanging paragraph, the Court begins with the principle that it must enforce the plain language of the statute unless doing so leads to an absurd result. *Lamie v. U.S. Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank,* 530 U.S. 1, 6, 120 S.Ct. 1942, 1947, 147 L.Ed.2d 1 (2000)). Furthermore, " '[i]t is generally presumed that Congress acts intentionally and purposefully when it includes particular language in one section of a statute but omits it in another.' " *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 537, 114 S.Ct. 1757, 1761, 128 L.Ed.2d 556 (1994) (quoting *Chicago v. Environmental Defense Fund,* 511 U.S. 328, 338, 114 S.Ct. 1588, 1593, 128 L.Ed.2d 302 (1994)).

In this case, the statute applies to a motor vehicle "acquired for the personal use of the debtor." Nissan does not argue that this language is in any way vague or ambiguous. In fact, it is the one portion of the hanging paragraph of unquestionable clarity in the Court's view. Nissan does argue, however, that the "personal use of

the debtor" may include family or household use. However, when Congress wants to include family or household use within the scope of a statute, it knows how to do so. For example, § 101(8) provides, "The term 'consumer debt' means debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). The phrase also arises in § 365(d)(5) (regarding performance of obligations under an unexpired lease); § 506(a)(2) (regarding valuation of certain property); § 507(a)(7) (regarding deposits for the acquisition of certain property); and several subsections of § 522 (regarding exempt property). Consequently, the omission of "family and household" use from the hanging paragraph demonstrates that Congress intended "personal use" standing alone to have a different meaning.

"Personal" is defined as "[o]f or relating to a particular person; private." American Heritage Dictionary of the English Language (4th ed.2000). In this case, the vehicle must have been acquired for the use of a particular person-Debtor-for the hanging paragraph to apply. Nissan has conceded that the Gran Prix was purchased to replace Debtor's wife's previous car, that she has at all times been the primary driver of the Gran Prix,[1] and that

Debtor has primary use of a different vehicle. Because the Gran Prix was not acquired for Debtor's personal use, the hanging paragraph does not apply to Nissan's claim.

Nissan also contends, with the strangled use of double-negatives, that nothing in the sales contract indicates that Debtor did not acquire the car for his personal use. This argument is somewhat perplexing because-as noted above-the contract stated that the Gran Prix was purchased for "personal, family or household" use. The use of the words "family" and "household" necessarily open the scope of potential drivers and expressly contradict Nissan's argument.

For the reasons set forth in this Opinion, the Court will overrule Nissan's objection to confirmation.

---

1. The hanging paragraph does leave open a question of timing. Suppose, for example, the car originally was purchased for a wife or child but later became the debtor's primary vehicle. Is the use of the vehicle determined as of the purchase date, the petition date, the hearing date, or some other date? Because the car in this case has never been Debtor's primary car, the Court need not answer this question.

# Special Section

Includes bankruptcy cases reported in
the United States Courts of Appeals and Supreme Court of the United States.