## In re Susannah GRIMME, Debtor(s).

### No. 07–10491.

United States Bankruptcy Court, S.D. Ohio, Western Division.

July 13, 2007.

David A. Kruer, Nicholas A. Zingarelli, Dearfield, Kruer & Company, LLC, Cincinnati, OH, for Debtor.

## ORDER GRANTING OBJECTION TO CONFIRMATION

J. VINCENT AUG, JR., Bankruptcy Judge.

This matter is before the Court on HSBC Auto Finance's objection to confirmation (Doc. 21), the parties' stipulation of facts (Doc. 26), and the parties' post-hearing memoranda (Doc. 27, 28). A hearing was held on June 19, 2007.

The issue before the Court is whether the Debtor's purchase of a vehicle was for "personal use" pursuant to the hanging paragraph of 11 U.S.C. § 1325 and, therefore, not eligible for bifurcation and cramdown.

The parties stipulated that the vehicle was purchased during the 910 day period prior to the petition filing date, that HSBC financed the purchase, and that HSBC has a perfected security interest in the vehicle. The parties also stipulated that the Debtor has not been able to legally drive for the past 15 years, that the Debtor has never driven the vehicle, and that the Debtor's son uses the vehicle to occasionally drive the Debtor to and from her medical appointments and for other miscellaneous errands.[1]

The "personal use" element of the hanging paragraph has spawned a surprisingly large volume of cases setting forth various legal tests to be used when performing this relatively straightforward analysis. See, e.g, In re Solis, 356 B.R. 398 (Bankr.S.D.Tex.2006)("personal use" element satisfied if at the time of the acquisition the acquirer intended that a significant, material portion of the use of the vehicle would be (a) for the benefit of the debtor(s) in the bankruptcy case, (b) for non-business purposes, and (c) for satisfaction of the debtor(s)' wants, needs, or obligations). The application of these complicated legal tests is burdensome, requires extensive testimony, and has resulted in the unnecessary splitting of hairs with some surprising results. See In re Johnson, 350 B.R. 712 (Bankr.W.D.La.2006)(vehicle not for personal use if it enables the debtor to make a significant contribution to the family income). In re Jackson, 338 B.R. 923 (Bankr.M.D.Ga.2006)(personal use does not include family or household use).

▮ Rather, we believe, as did the Court in In re Lowder, 2006 WL 1794737 (Bankr.D.Kan.2006), that the term "personal use" means, simply, non-business use. With this as the threshold analysis, the "personal use" test is simple. When the evidence shows that a vehicle has been acquired for business purposes, the hanging paragraph will not apply. Id. Conversely, if the evidence shows that a vehicle was acquired for non-business purposes, the hanging paragraph will apply.[2] Id. Also, driving to and from work is not a business purpose. Id.

▮▮ In the present case, the vehicle was clearly not acquired for business purposes. Therefore, the hanging paragraph applies.

The fact that the Debtor does not have a driver's license is not determinative. Although the Debtor is a passenger, she is still enjoying the personal use of the vehicle. See In re Solis, 356 B.R. at 410 ("use"

---

1. Any additional facts alleged in the Debtor's post-hearing brief are not appropriate for consideration. However, the additional facts would not change the outcome of this decision.

2. Like the Court in In re Lowder, we do not express an opinion regarding a vehicle acquired for both business and personal use. We suspect this future fact scenario will likely require a more complicated legal test and more testimony.

of the vehicle does not depend on who the driver is).

The objection to confirmation is hereby GRANTED.

The Debtor shall have 20 days from the entry date of this Order to file an amended plan or this case may be dismissed.

IT IS SO ORDERED.